Peterson v. Purinton.

---

CARL CHRISTIAN PETERSON, APPELLEE, v. JOHN W.
    PURINTON ET AL., APPELLANTS.

FILED FEBRUARY 29, 1912.   No. 16,857.

Appeal: HARMLESS ERROR. A judgment will not be reversed on ac-
    count of harmless error.

APPEAL from the district court for York county:
BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*J. J. Thomas, J. W. Purinton* and *Edwin Vail,* for
appellants.

*Power & Meeker, contra.*

FAWCETT, J.

This is a suit to foreclose a mortgage for a balance due
for the construction of three dwelling-houses. Cross-
petition for damages by reason of alleged defects in

workmanship and inferior material used by plaintiff in such construction. Findings and judgment of foreclosure for plaintiff and against defendants on their cross-petition. Defendants appeal.

The points argued by defendants are: (1) That the court erred in permitting plaintiff to amend his petition, asking for a deficiency judgment against the defendant Ida M. Purinton. The reply having specifically admitted "that the contract evidenced by the note and mortgage described in the petition of the plaintiff did not relate to the separate business or estate of the defendant Ida M. Purinton, and was not made upon the faith and credit thereof," we think the amendment of the petition should not have been allowed; but as the decree does not contain either a finding or judgment against Mrs. Purinton, personally, she has nothing to complain of, and the error in permitting the amendment was, therefore, without prejudice. (2) That the court erred in overruling defendants' request for a jury. (3) That the findings and judgment of the court are not ·sustained by sufficient evidence. These two assignments will be considered together. The evidence is so overwhelmingly against defendants' contention that we do not deem it necessary to set it out here. It shows conclusively that, if there were any defects in material or construction, long after such defects were fully known by Mr. Purinton, he figured up with plaintiff the balance due him upon his contract for the construction of the houses, and adjusted that balance by the giving of the note and mortgage in suit. No other judgment than that entered by the court could have been permitted to stand, and, if a jury had been impaneled, as requested by defendants, it would have been the duty of the trial court to have directed a verdict in favor of plaintiff. Such being the fact, the question as to whether or not a party is entitled to a jury in a case like this need not be considered.

Affirmed.